**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YAKIMA COMPANY, INC., a
Washington corporation,

          Plaintiff - Appellant,

   v.

LINCOLN GENERAL INSURANCE
COMPANY, a Pennsylvania corporation,

          Defendant - Appellee.

No. 12-56355

D.C. No. 3:12-cv-01082-H-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted June 6, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and CHEN, District Judge.[**]

   Yakima Company, Inc. ("Yakima") appeals from the district court's

judgment dismissing its action asserting breach of contract and related causes of

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Edward M. Chen, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

action against its former surety, Lincoln General Insurance Company ("Lincoln"). Yakima challenges the scope of its obligation to indemnify Lincoln for attorneys' fees incurred by Lincoln in defending a lawsuit brought by a third party. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *AE ex. rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court erred when it dismissed Yakima's breach of contract action because the General Indemnification Agreement ("GIA") is ambiguous as to the scope of Lincoln's entitlement to indemnification for attorneys' fees. *See Consul Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986) (holding that district court erred in dismissing a breach of contract claim where the contract was ambiguous). While the GIA does not expressly require that Lincoln's attorneys' fees be "reasonable," courts routinely imply such a limitation in contractual fee-shifting provisions – including those contained in indemnity agreements. *See, e.g.*, *Spirtas Co. v. Ins. Co. of State of Pa.*, 555 F.3d 647, 653 (8th Cir. 2009) (noting that while an indemnity agreement did not limit indemnitor's obligation to pay attorneys' fees to those that are reasonable, courts will "infer a reasonableness requirement in all contractual fee provisions as a

matter of public policy"); *Jackson v. Hollowell*, 685 F.2d 961, 966 (5th Cir. 1982) ("[T]he weight of authority allows reimbursement for legal costs under the terms of an indemnity contract only . . . if the amount of the fees is reasonable . . . ."). Accordingly, the GIA is reasonably susceptible to Yakima's interpretation that Lincoln is only entitled to indemnification for reasonable attorneys' fees. *See Horath v. Hess*, 225 Cal. App. 4th 456, 464 (2014) (noting that a contract is ambiguous if it is "susceptible to two different reasonably interpretations").

Lincoln argues, however, that Yakima's interpretation is inconsistent with the plain language of the GIA. Specifically, Lincoln argues that the GIA's only limitation on its right to indemnification is that Lincoln have had a "reasonable belief that it was liable for the amount paid or that it was expedient under all the circumstances to make such payment." GIA ¶ 1 We conclude that this provision is sufficiently ambiguous as to raise a question of fact as to what the parties intended. *Cf. Travelers Cas. & Sur. Co. of Am. v. Highland P'Shp*, No. 10cv2503 AJB (DHB), 2012 WL 5928139, *11 (S.D. Cal. Nov. 26, 2012) (limiting indemnification to "reasonable" attorneys' fees despite a provision that the surety was "entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient" (emphasis omitted)). Accordingly, because

the GIA's provision regarding the scope of indemnification for attorneys' fees is reasonably susceptible to competing interpretations, dismissal was improper.

The district court also erred in dismissing Yakima's claim for breach of the implied covenant of good faith and fair dealing. The implied covenant applies to the surety context, "where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 482 (1996) (quoting *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992)). "[T]he covenant of good faith can be breached for objectively unreasonable conduct, regardless of the actor's motive." *Carma Developers*, 2 Cal. 4th at 371. Yakima's complaint plausibly alleges that Lincoln engaged in objectively unreasonable conduct by incurring unreasonable attorneys' fees. *See Arntz*, 47 Cal. App. 4th at 483 (finding that a surety incurred expenses which constituted "unreasonable economic waste" was sufficient to support a conclusion that the surety did not incur the expenses in good faith); *see also Ideal Elec. Secs. Co., Inv. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 150 (D.C. Cir. 1997) ("[I]f good faith in this context did not include reasonableness, the indemnitee would have no incentive to police its attorneys' activities and charges, since it could

simply dump any and all charges billed onto the indemnitor.  Such a result would make no sense.").

The district court properly dismissed Yakima's conversion cause of action because at the time of the alleged conversion, Yakima did not have an immediate right to possession of the funds in dispute.  *See Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997) (noting that a plaintiff must either have title to or be "entitled to immediate possession" of the allegedly converted property (internal quotation marks omitted)).  The disputed funds in this action were contained in a letter of credit that Yakima obtained for the benefit of Lincoln pursuant to the parties' agreement.  Under the terms of the letter of credit, Yakima did not have title to those funds nor immediate right to possess or access, those funds.  *Cf. Union Pac. R.R. Co. v. Vill. of South Barrington*, 958 F. Supp. 1285, 1298 (N.D. Ill. 1997) (explaining letter of credit transactions and dismissing conversion claim because "[t]he customer does not have an immediate and unconditional right to the letter of credit funds").

///

///

///

///

Accordingly, we affirm the district court's judgment dismissing Yakima's conversion claim but reverse and remand for further proceedings as to Yakima's breach of contract and breach of the implied covenant of good faith and fair dealing claims.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

Each party shall bear its own costs.